# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANTINE PETROVIC,<br><br>    Plaintiff,<br><br>  v.<br><br>SHERIFF STANLEY SNIFF, JR.,<br><br>    Defendant. | Case No. ED CV 16-02295 RGK (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On November 3, 2016, plaintiff, an inmate at RPDC in Riverside County, CA, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On December 5, 2016, plaintiff filed a document that the Court construed as a request to supplement the Complaint. (*See* ECF Nos. 8-9.) On December 21, 2016, plaintiff filed an additional document that appeared to be raising additional claims. The Court rejected the document because it violated Local Rules, including Rule 11-3.8(e) and Rule 15-1. In an accompanying Minute Order, the Court advised plaintiff that, if he wished to add allegations to the Complaint, then he should file a First Amended Complaint setting forth all of his allegations. (*See* ECF Nos. 10-11.) On January 9, 2017, plaintiff filed a one-page document stating "No new allegations." (ECF No. 12.) The Court construes this document as an indication that plaintiff is not intending to file a First Amended Complaint at this time.

In his Complaint, plaintiff intersperses documents from his administrative grievance procedure (ECF No. 1 at 3-11) with the pages of his pleading. The Complaint indicates on the cover page that plaintiff names "Et. Al [sic] Sheriff Stanley Sniff Jr." as defendants, but the only defendant named in the body of the Complaint is Riverside County Sheriff Sniff in his official capacity. (*Id.* at 1, 12.) It appears that plaintiff is purporting to raise one claim, but in this "claim" plaintiff references multiple grounds including inadequate health care, housing "in a safe environment," and access to the law library. (*Id.* at 15.) Plaintiff seeks "medical care on par with any P.P.O. or HMO in USA"; "housing where I could live without bodily harm"; monetary damages; and access to the law library. (*Id.* at 17.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and afford plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation").

After careful review and consideration of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations fail to comply with Fed. R. Civ. P. 8 and appear insufficient to state any claim on which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than March 10, 2017, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he wishes to proceed with this action, he must set forth all of his factual allegations in one document, without filing supplemental material. In addition, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies discussed herein, the Court may recommend that this action be dismissed without leave to amend and with prejudice.[1]

## DISCUSSION

Plaintiff's Complaint fails to comply with Federal Rules of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in an amended pleading that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

In the Complaint, plaintiff purports to raise only one claim, but he references a "right to receive health care"; a "right to be housed in a safe environment"; and access to the law library. (ECF No. 1 at 15.) Plaintiff also sets forth factual allegations concerning a cellmate eating plaintiff's food and assaulting plaintiff. Plaintiff alleges that he talked to Nurse Galena on multiple unspecified occasions, and that he was sent to a "County Hospital" for an operation on his brain. (*Id.*) Months later, he alleges that he had not received treatment for "loose tooth, right shoulder, neck pain, headaches, double vision or brain damage." (*Id.* at 16.) Plaintiff additionally alleges that Dr. Mejia and Dr. Montenegro (not defendants) provided "substandard" health care. (*Id.*) In the supplemental material that plaintiff filed on December 5, 2016, he alleges that Nurse Galena "wrote [him] off as a [sic] anxiety episode." (ECF No. 8 at 1.) The attached exhibits reflect that plaintiff requested health care visits eight times from June 9, 2016, to August 4, 2016, complaining about pain, headaches, dizziness, and problems sleeping. In

these exhibits, plaintiff acknowledges that he did receive a CAT-scan from jail officials in response to his requests prior to July 28, 2016. (*Id.* at 3-10.)

First, none of plaintiff's factual allegations in the Complaint set forth allegations of any action or failure to act by the only named defendant, Sheriff Sniff. In order to state a federal civil rights claim against a defendant, plaintiff must allege that the defendant took an action, participated in another's action, or omitted to perform an act that he was legally required to do that caused a violation of plaintiff's constitutional rights. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiffs complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). Further, plaintiff may not hold Sheriff Sniff liable for the "unconstitutional conduct of [his] subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676; *see also Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Rather, plaintiff must allege Sheriff Sniff "through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"); *see also Starr*, 652 F.3d at 1205-06 (explaining that a supervisor can be liable under § 1983 for "his own culpable action or inaction in the training, supervision, or control of his subordinates, his acquiescence in the constitutional deprivations of which the complaint is made, or conduct that showed a reckless or callous indifference to the rights of others" (internal quotations marks omitted)). Here, the Complaint does not even purport to allege a claim against Sheriff Sniff.

Second, plaintiff appears to be alleging a claim for inadequate medical care. If plaintiff was a pretrial detainee at the relevant time, such a claim would arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth

6

Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). Nevertheless, with respect to a claim of constitutionally inadequate medical care, the deliberate indifference standard of the Eighth Amendment applies to pretrial detainees. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-42 (9th Cir. 2010) ("the 'deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees"), *overruled in part by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) (holding that the Fourteenth Amendment's "objective standard" set forth in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), applies to a pretrial detainee's failure-to-protect claim), *cert. denied*, 2017 WL 276190 (23 Jan. 2017).

In order to establish a claim for inadequate medical care, a prisoner or detainee must show that a **specific defendant** was deliberately indifferent to his or her serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 103, 106 (1976). "This includes both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

Here, although plaintiff references numerous medical conditions, he does not set forth a short and plain statement alleging that any or all of these medical condition was objectively serious at the time that he alleges jail officials provided inadequate medical care. To meet the objective element of a deliberate indifference claim, "a plaintiff must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in 'significant injury or the unnecessary and wanton infliction of pain.'"

*Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 946 (2015) (internal quotation marks omitted).

Next, to meet the subjective element of a claim for inadequate medical care, "a prisoner must demonstrate that the prison official 'acted with deliberate indifference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference may be manifest by the intentional denial, delay or interference with a plaintiff's medical care. *See Estelle*, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Here, plaintiff's Complaint fails to set forth any factual allegations showing that a specific defendant intentionally denied, delayed, or interfered with medical treatment for plaintiff's serious medical need. General allegations that the medical care plaintiff received was "substandard" as compared to care that he had received before his detention may be sufficient to state a claim for medical malpractice, but such allegations are insufficient to state a federal constitutional claim.

In addition, plaintiff only names Sheriff Sniff in his official capacity. However, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Accordingly, any claim that plaintiff is purporting to raise against Sheriff Sniff in his official capacity is a claim against the County of Riverside. Further, in order to state a claim against a local government entity (as opposed to a claim against specific individual health care personnel working for the RPDC or the County of Riverside), the local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts").

Here, the Complaint fails to set forth any allegations that a specific policy or custom by the County of Riverside was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In addition, liability against the County of Riverside arising from an improper custom or policy may not be premised on an isolated incident as alleged in the Complaint. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional

method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Plaintiff's Complaint fails to set forth any factual allegations concerning any practice or custom of the County of Riverside that he alleges was a "traditional method of carrying out policy."

Finally, to the extent plaintiff may be intending to state a claim for failing to provide a "safe environment" or access to the law library (*see* ECF No. 1 at 15), the Complaint fails to set forth any factual allegations concerning such claims and also fails to name any defendants who allegedly caused such violations.

For these reasons, it is altogether unclear to the Court what federal civil rights claims plaintiff is purporting to raise in the Complaint and what the legal and factual basis of each of plaintiff's claims may be. The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford him the benefit of any doubt. *See Karim-Panahi*, 839 F.2d at 623; *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants"). Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-56). In its present form, it would be extremely difficult for any defendant to discern what specific facts or legal theories apply to

the potential claim against him or her, and, as a result, it would be extremely difficult for a defendant to formulate applicable defenses.

The Court therefore finds that the Complaint fails to comply with Rule 8. It further appears to the Court that plaintiff's factual allegations, as presently alleged, even accepted as true and construed in the light most favorable to plaintiff, are insufficient to nudge any federal civil rights claim against any defendant "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

\*\*\*\*\*\*\*\*\*\*\*\*

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than March 10, 2017, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint or any attachment or other document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure

///

///

41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: February 1, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE