# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANTINE PETROVIC,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF STANLEY SNIFF, JR., *et al.*,<br><br>Defendants. | Case No. ED CV 16-02295 RGK (AFM)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On November 3, 2016, plaintiff, an inmate at the RPDC in Riverside, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On December 5, 2016, plaintiff filed a document that the Court construed as a request to supplement the Complaint, which the Court granted. (*See* ECF Nos. 8-9.) On December 14, 2016, plaintiff filed an additional document that appeared to be raising additional claims. The Court rejected that document because it violated Local Rules, including Rule 11-3.8(e) and Rule 15-1. In an accompanying Minute Order, the Court advised plaintiff that, if he wished to add allegations to the Complaint, then he should file a First Amended Complaint setting forth all of his allegations. (*See* ECF Nos. 10-11.) On January 9, 2017, plaintiff filed a one-page document stating "No new allegations." (ECF No. 12.) The Court construed that

document as an indication that plaintiff was not intending to file a First Amended Complaint at that time.

In his Complaint, plaintiff interspersed documents that appear to be from his administrative grievance procedure (ECF No. 1 at 3-11) with the pages of his pleading. The Complaint appeared to be purporting to raise one claim, but in this "claim" plaintiff referenced multiple grounds including inadequate health care, housing "in a safe environment," and access to the law library. (*Id.* at 15.) Plaintiff sought "medical care on par with any P.P.O. or HMO in USA"; "housing where I could live without bodily harm"; monetary damages; and access to the law library. (*Id.* at 17.)

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). Following careful review of the Complaint, the Court found that its allegations appeared insufficient to state any claim upon which relief may be granted. Accordingly, on February 1, 2017, the Complaint was dismissed with leave to amend, and plaintiff was ordered, if he wished to pursue the action, to file a First Amended Complaint no later than March 10, 2017. Further, plaintiff was admonished that, if he failed to timely file a First Amended Complaint, or failed to remedy the deficiencies of his pleading, the Court would recommend that this action be dismissed without leave to amend and with prejudice. (ECF No. 13.)

On February 27, 2017, plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 17.) The FAC names as defendants the County of Riverside ("County") and an individual identified only as "Nurse Galena," who is named in her official capacity only. (*Id.* at 3.) The FAC purports to raise one claim under the Fourteenth

Amendment for inadequate health care. (*Id.* at 5.) He seeks "health care" and monetary compensation. (*Id.* at 6.)

In accordance with the mandate of the PLRA, the Court has screened the FAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013), *cert. denied*, 134 S. Ct. 1322 (2014). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

In addition, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a prisoner was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

After careful review and consideration of the FAC under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state any claim on which relief may be granted. Because plaintiff is proceeding *pro se* in this civil rights action, the Court will provide plaintiff with another opportunity to attempt to cure the deficiencies explained below by amendment. Accordingly, the FAC is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff still desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than July 7, 2017, remedying the deficiencies discussed below.** Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies discussed herein, the Court may recommend that this action be dismissed without leave to amend and with prejudice.[1]

## DISCUSSION

**A.   Claims against the County and individuals in their official capacities**

In his FAC, plaintiff names Nurse Galena only in her official capacity. (ECF No. 17 at 3.) However, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Accordingly, any claim that plaintiff is purporting to raise against Nurse Galena in her official capacity is the same as a claim against the County. Further, in order to state a claim against a local government entity such as the County (as opposed to a claim against specific individual health care personnel working for the RPDC), the local government entity "may not be sued under § 1983 for an injury

---

[1] Plaintiff is advised that this Court's determination herein that the current allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in the FAC, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in an amended pleading that this Court finds to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts").

Here, the FAC still fails to set forth any allegations that a specific policy or custom by the County was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In addition, liability against the County arising from an improper custom or policy may not be premised on an isolated incident as alleged in the FAC. *See, e.g., Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), *overruled on other grounds, Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Plaintiff's FAC appears to pertain to only one incident of inadequate health care, and plaintiff fails to even purport to allege that his injury was caused by a practice or custom of the County Riverside that he alleges was a "traditional method of carrying out policy."

Accordingly, the allegations in the FAC are insufficient to state any claim against the County or against Nurse Galena in her official capacity.

**B.  Inadequate medical care**

In the FAC, plaintiff appears to be alleging a claim for inadequate medical care. If plaintiff was a pretrial detainee at the relevant time, such a claim would arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). Nevertheless, with respect to a claim of constitutionally inadequate medical care, the deliberate indifference standard of the Eighth Amendment applies to pretrial detainees. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-42 (9th Cir. 2010) ("the 'deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees"), *overruled in part by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc) (holding that the Fourteenth Amendment's "objective standard" set forth in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), applies to a pretrial detainee's failure-to-protect claim), *cert. denied*, 137 S. Ct. 831 (2017).

In order to establish a claim for inadequate medical care, a prisoner or detainee must show that a specific defendant was deliberately indifferent to his or her serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 103, 106 (1976). "This includes both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

To meet the objective element of a deliberate indifference claim, "a plaintiff must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in 'significant

injury or the unnecessary and wanton infliction of pain.'" *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc), *cert. denied*, 135 S. Ct. 946 (2015) (internal quotation marks omitted).

Next, to meet the subjective element of a claim for inadequate medical care, "a prisoner must demonstrate that the prison official 'acted with deliberate indifference.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Deliberate indifference may be manifest by the intentional denial, delay or interference with a plaintiff's medical care. *See Estelle*, 429 U.S. at 104-05. The prison official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, all are insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Moreover, the Eighth Amendment does not require optimal medical care or even medical care that comports with the community standard of medical care. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Here, the FAC alleges that "Nurse Galena refused to treat me causing a near death significant injury" (ECF No. 17 at 3), and that "Nurse Galena treated me with deliberate indifference" (*id.* at 5). Plaintiff also alleges that he was "sent to the County hospital for emergency brain surgery on June 12, 2016." (*Id.*) Plaintiff, however, only alleges generally that he "attempted to seek health care on three

separate occasions in the first week of June 2016." (*Id.* at 5.) Further, the FAC appears to allege that his claim arose June 4 to 12, 2016 (*id*. at 3), but plaintiff fails to set forth any factual allegations concerning anything that occurred during this period apart from his surgery on June 12, 2016.

Although plaintiff alleges that he sustained a concussion on May 9, 2016, he does not allege that the concussion resulted in an objectively serious medical condition at the time that plaintiff was seeking health care or that Nurse Galena, or any other medical official at RPDC, was subjectively aware of any serious medical condition that resulted from the concussion on May 9, 2016.

Further, plaintiff does not support his conclusory allegation that Nurse Galena treated him with deliberate indifference with factual allegations. In determining whether plaintiff's FAC raises a plausible claim against Nurse Galena, the Court does not credit conclusory statements that are unsupported by specific factual allegations. *See, e.g., Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible"). As the Supreme Court has held, in order to state a plausible claim, plaintiff must allege more than "bare assertions." *Twombly*, 550 U.S. at 556. Here, the FAC merely alleges bare assertions unsupported by any factual allegations that show that Nurse Galena ever refused to respond to a request by plaintiff for medical treatment. Plaintiff does not allege any specific incident in which Nurse Galena (or any other specific medical worker) intentionally denied, delayed, or interfered with any medical treatment for plaintiff's serious medical need. General allegations that an official "refused" treatment on unspecified occasions for unspecified complaints are insufficient to state a federal constitutional claim.

The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford him the benefit of any doubt. That said, the Supreme Court has made clear that the Court

has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) ("courts should not have to serve as advocates for *pro se* litigants"). Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555-56). Here plaintiff's FAC fails to plead sufficient factual allegations to raise a reasonable inference that any defendant is liable for providing constitutionally inadequate medical care.

The Court therefore finds that plaintiff's factual allegations, as presently alleged in the FAC, even accepted as true and construed in the light most favorable to plaintiff, are insufficient to nudge any federal civil rights claim against any named defendant "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

\*\*\*\*\*\*\*\*\*\*\*\*

**If plaintiff still desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than July 7, 2017, remedying the pleading deficiencies discussed above.** The Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original complaint or any other pleading, attachment, or other document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second Amended Complaint.

Plaintiff is further admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as

discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED**.

DATED: June 1, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE